THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PAUL TAY,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF TULSA, OKLAHOMA, a municipal corporation; et al.,<br><br>          Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00932-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are: (1) pro se Plaintiff Paul Tay's ("Mr. Tay") motion to add a defendant to his complaint;[2] (2) Defendants State of Oklahoma, Oklahoma Governor Kevin Stitt, Tulsa County District Attorney Steve Kunzweiler, Oklahoma Attorney General Gentner Drummond, and Oklahoma Medical Marijuana Authority Director Adria Berry's (collectively, "State Defendants") motion to dismiss;[3] (3) Defendant Mayor of the City of Tulsa George Theron Bynum's ("Mayor Bynum") motion to dismiss;[4] (4) Defendant City of Tulsa's motion to dismiss;[5] (5) Defendants President of the United States of America Joseph R. Biden, United States Attorney for the Northern District of Oklahoma Clinton J. Johnson, and United States

---

[1] ECF No. 16.

[2] ECF No. 19.

[3] ECF No. 26.

[4] ECF No. 29.

[5] ECF No. 34.

District Judge for the Northern District of Oklahoma Sara Hill's (collectively, "Federal Defendants") motion to dismiss;[6] and (6) the issue of sua sponte dismissal of Mr. Tay's claims against Defendant Chief of the Tulsa Police Department Wendell Franklin ("Chief Franklin"). Based upon the analysis set forth below, the court recommends: (1) denying Mr. Tay's motion to add a defendant to his complaint, and (2) granting the above-referenced motions to dismiss and dismissing Mr. Tay's claims against Chief Franklin sua sponte.

## BACKGROUND

In his complaint, Mr. Tay generally alleges that the named Defendants have been "exercising incompetent jurisdiction on Indian Territory" in Oklahoma.[7] Mr. Tay's only specific factual allegations relate to his August 23, 2021 arrest by the Tulsa Police Department.[8] Mr. Tay alleges that he was arrested "without competent jurisdiction on treaty-defined Indian Territory contrary to treaties, the Constitution, and federal law."[9] Based upon those allegations, Mr. Tay seeks various forms of relief, none of which relates to him specifically.[10] Indeed, Mr. Tay's requests for relief generally seek declarations concerning the named Defendants' jurisdiction over "Indian Territory" in Oklahoma.[11] After filing his complaint, Mr. Tay filed a one-sentence motion seeking to add a defendant to his complaint.[12]

---

[6] ECF No. 35.
[7] ECF No. 1 at 3.
[8] *Id*.
[9] *Id*.
[10] *Id*. at 6-12.
[11] *Id*.
[12] ECF No. 19.

Although it does not appear that Mr. Tay properly served his complaint on the named Defendants, all of them but Chief Franklin have appeared in this case. The State Defendants, Mayor Bynum, the City of Tulsa, and the Federal Defendants have moved to dismiss Mr. Tay's claims against them.[13]

## ANALYSIS

Based upon the following analysis: (I) Mr. Tay's motion to add a defendant to his complaint should be denied; and (II) the motions to dismiss before the court should be granted, and Mr. Tay's claims against Chief Franklin should be dismissed sua sponte. Each issue is addressed in order below.

### I. Mr. Tay's Motion to Add a Defendant to His Complaint Should Be Denied.

Mr. Tay's one-sentence motion seeking to add a defendant to his complaint should be denied. To add a defendant to his complaint, Mr. Tay cannot, as he did here, seek to simply insert that defendant's name into the caption of the complaint. Instead, Mr. Tay was required to either file an amended complaint as a matter of course within time periods provided in Fed. R. Civ. P. 15(a)(1) or, thereafter, seek leave to amend his complaint under Fed. R. Civ. P. 15(a)(2). Because Mr. Tay failed to comply with either of those requirements, his motion should be denied.

### II. The Motions to Dismiss Before the Court Should Be Granted, and Mr. Tay's Claims Against Chief Franklin Should Be Dismissed Sua Sponte.

The motions to dismiss before the court should be granted, and Mr. Tay's claims against Chief Franklin should be dismissed sua sponte because Mr. Tay: (A) fails to establish the

---

[13] ECF Nos. 26, 29, 34-35.

existence of a justiciable case or controversy and (B) lacks standing to pursue his claims. Each of those reasons is addressed in order below.

    A.  <u>Mr. Tay Fails to Establish the Existence of a Justiciable Case or Controversy</u>.

Because Mr. Tay fails to establish the existence of a justiciable case or controversy, the motions to dismiss before the court should be granted, and Mr. Tay's claims against Chief Franklin should be dismissed sua sponte for lack of subject-matter jurisdiction.[14] "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'"[15] To qualify as a justiciable case or controversy, the dispute must "be 'definite and concrete, touching the legal relations of parties having adverse legal interests,'" and "be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"[16]

Mr. Tay's allegations against the named Defendants fail to show that a justiciable case or controversy exists. Mr. Tay's only specific factual allegations relate to his arrest in August 2021 by the Tulsa Police Department. However, Mr. Tay makes no effort to connect those allegations to his requests for relief against the named Defendants. In fact, none of those requests for relief relates specifically to Mr. Tay. Instead, they all seek relief related to Mr. Tay's general allegations that the named Defendants are "exercising incompetent jurisdiction on Indian Territory" in

---

[14] *Tafoya v. U.S. Dep't of Just., L. Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings . . . ."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[15] *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting U.S. Const. art. III, § 2).

[16] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937)) (alteration in original).

Oklahoma.[17] Such allegations fall well short of establishing the existence of a justiciable case or controversy. Therefore, the court lacks subject-matter jurisdiction in this case.[18] Accordingly, the motions to dismiss before the court should be granted, and Mr. Tay's claims against the State Defendants, Mayor Bynum, the City of Tulsa, and the Federal Defendants should be dismissed without prejudice.[19] Additionally, Mr. Tay's claims against Chief Franklin should be dismissed without prejudice sua sponte.

  B. <u>Mr. Tay Lacks Standing to Pursue His Claims</u>.

Mr. Tay lacks standing to pursue his claims against all the named Defendants. For that additional reason, the motions to dismiss before the court should be granted, and Mr. Tay's claims against Chief Franklin should be dismissed sua sponte. "Standing to sue . . . has its constitutional origins in the case or controversy limitation of Article III which insures that courts exercise their power only in cases where true adversary context allows informed judicial resolution."[20] The doctrine of standing "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction."[21] To have standing under Article III of the Constitution,

---

[17] ECF No. 1 at 3.

[18] *In re BCD Corp.*, 119 F.3d 852, 856 (10th Cir. 1997) (providing that a federal court lacks subject-matter jurisdiction in the absence of a live case or controversy).

[19] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

[20] *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1294 (10th Cir. 1980) (quotations and citations omitted).

[21] *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (quotations and citation omitted) (emphasis omitted).

"[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision."[22] The injury-in-fact requirement is "the [f]irst and foremost of standing's three elements,"[23] and "helps to ensure that the plaintiff has a personal stake in the outcome of the controversy."[24] "[A] plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him."[25] "For an injury to be particularized, it must affect the plaintiff in a personal and individual way."[26]

      Mr. Tay's complaint fails to establish an injury in fact because he does not make any allegations showing that he has a personal stake in the supposed dispute outlined in his complaint. Although Mr. Tay makes general allegations about the named Defendants "exercising incompetent jurisdiction on Indian Territory" in Oklahoma,[27] he fails to show how he has been specifically injured by that alleged action. Indeed, as previously stated, Mr. Tay's requested forms of relief have nothing to do with him personally. Thus, Mr. Tay lacks standing to pursue his claims against the named Defendants. For that additional reason, the court lacks subject-matter jurisdiction in this case and, accordingly, recommends that the motions to dismiss

---

[22] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014).

[23] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quotations and citation omitted) (alteration in original).

[24] *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quotations and citation omitted).

[25] *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

[26] *Spokeo, Inc.*, 578 U.S. at 339 (quotations and citations omitted).

[27] ECF No. 1 at 3.

before the court be granted, and Mr. Tay's claims against the State Defendants, Mayor Bynum, the City of Tulsa, and the Federal Defendants be dismissed without prejudice.[28] Also for that additional reason, Mr. Tay's claims against Chief Franklin should be dismissed without prejudice sua sponte.

### RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS:

1. Mr. Tay's motion to add a defendant to his complaint[29] be DENIED.

2. The State Defendants' motion to dismiss,[30] Mayor Bynum's motion to dismiss,[31] the City of Tulsa's motion to dismiss,[32] and the Federal Defendants' motion to dismiss[33] all be GRANTED.

3. Mr. Tay's claims against the State Defendants, Mayor Bynum, the City of Tulsa, and the Federal Defendants be DISMISSED WITHOUT PREJUDICE.

4. Mr. Tay's claims against the sole remaining named Defendant, Chief Franklin, be DISMISSED WITHOUT PREJUDICE sua sponte for lack of subject-matter jurisdiction.

---

[28] *Brereton,* 434 F.3d at 1216 (providing that a dismissal for lack of standing must be without prejudice because "standing is a jurisdictional mandate").

[29] ECF No. 19.

[30] ECF No. 26.

[31] ECF No. 29.

[32] ECF No. 34.

[33] ECF No. 35.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[34] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[35] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 16th day of August 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[34] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[35] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).