IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL TAY,<br><br>　　　Plaintiff,<br><br>v.<br><br>CITY OF TULSA, OKLAHOMA, a municipal corporation; et al.,<br><br>　　　Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING ACTION FOR IMPROPER VENUE<br><br>Case No. 2:23-cv-00932-JNP-JCB<br><br>District Judge Jill N. Parrish |

　　　Before the court are: (1) Plaintiff's motion to add a new defendant to his complaint, ECF No. 19, and (2) Defendants' motions to dismiss, ECF Nos. 26, 29, 34, 35. Magistrate Judge Jared C. Bennett issued a Report and Recommendation that the court deny Plaintiff's motion to add a defendant to his complaint and grant Defendants' motions to dismiss this action. ECF No. 40. Plaintiff filed an objection to the Report and Recommendation. ECF No. 41.

　　　Plaintiff did not object to Part I of the Report and Recommendation, and thus waives any argument that it was in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court concludes Part I is not clearly erroneous, and the interests of justice do not warrant a deviation from the waiver rule. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The court **ADOPTS** Part I of the Report and Recommendation and **DENIES** Plaintiff's motion to add a new defendant.

　　　As to Part II, the court agrees with Judge Bennett's recommendation to grant Defendants' motions to dismiss. But the court disagrees with Judge Bennett's reasoning that Plaintiff failed to establish the existence of a justiciable case or controversy or lacked standing. Rather,

Defendants' motions should be granted for improper venue. Therefore, the court **AFFIRMS** Plaintiff's objection to the extent he argues that he has standing. The court **ADOPTS IN PART** Part II of the Report and Recommendation and dismisses Plaintiff's complaint without prejudice.

## BACKGROUND

In his complaint, Plaintiff alleges that Defendants have been "exercising incompetent jurisdiction on Indian Territory." ECF No. 1 ("Compl.") ¶ 1. Specifically, Plaintiff claims that his arrest on August 23, 2021 by the Tulsa Police Department was "without competent jurisdiction on treaty-defined Indian Territory contrary to treaties, the Constitution, and federal law, 25 USC §71." *Id.* at ¶ 2. Plaintiff contends that after the dismissal of state felony charges, he "has been without his home, property, vehicles, and reputation prior to his arrest." *Id.* at ¶ 5. Based on these allegations, Plaintiff seeks both declaratory judgments and monetary relief.

In response to Plaintiff's complaint, Defendants filed four separate motions to dismiss: (1) Defendants State of Oklahoma, Oklahoma Governor Kevin Stitt, Tulsa County District Attorney Steve Kunzweiler, Oklahoma Attorney General Gentner Drummond, and Oklahoma Medical Marijuana Authority Director Adria Berry (collectively, "State Defendants") filed a motion to dismiss, ECF No. 26; (2) Defendant Mayor of the City of Tulsa George Theron Bynum filed a motion to dismiss, ECF No. 29; (3) Defendant City of Tulsa filed a motion to dismiss, ECF No. 34; and (4) Defendants President of the United States of America Joseph R. Biden, United States Attorney for the Northern District of Oklahoma Clinton J. Johnson, and the United States District Court Judge for the Northern District of Oklahoma Sara Hill (collectively, "Federal Defendants") filed a motion to dismiss, ECF No. 35. Defendant Chief of City of Tulsa Police Department Wendell Franklin did not file any motion.

Judge Bennett issued a Report and Recommendation that the court grant the motion to dismiss because (1) Plaintiff failed to establish the existence of a justiciable case or controversy, and (2) Plaintiff lacked standing to pursue his claims. Plaintiff filed an objection to Judge Bennett's Report and Recommendation.

## STANDARD OF REVIEW

The court reviews de novo the portions of the Report and Recommendation to which Plaintiff has objected. FED. R. CIV. P. 72(b)(3).

## ANALYSIS

### I.   JUSTICIABLE CASE OR CONTROVERSY AND STANDING

In Part II of the Analysis section of the Report and Recommendation, Judge Bennett recommends dismissal of Plaintiff's action for failure to establish a justiciable case or controversy and lack of standing. "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases and Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting U.S. Const. art. III, § 2). To be justiciable, Plaintiff's claim must "be 'definite and concrete, touching the legal relations of parties having adverse legal interests,'" and "be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

Similarly, "[s]tanding to sue . . . has its constitutional origins in the case or controversy limitation of Article III which insures that courts exercise their power only in cases where true adversary context allows informed judicial resolution." *Citizens Concerned for Separation of Church & State v. City & Cnty. Of Denver*, 628 F.2d 1289, 1294 (10th Cir. 1980) (quotations and

citations omitted). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). If the plaintiff fails to show he has "suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id.* (citation omitted).

In the Report and Recommendation, Judge Bennett reasoned that Plaintiff neither established a justiciable case or controversy nor standing to sue. Judge Bennett articulated that Plaintiff made no effort to connect allegations of his arrest to requests for relief and that Plaintiff failed to demonstrate a personal stake in the dispute. However, because Plaintiff is proceeding pro se, the court must construe his filings liberally and "hold him 'to a less stringent standard than formal pleadings drafted by lawyers.'" *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

In construing Plaintiff's complaint liberally, the court concludes that Plaintiff has alleged an injury in fact caused by Defendants that may be redressed by the court. First, Plaintiff alleged that after dismissal of felony charges pursuant to his arrest, he "has been without his home, property, vehicles, and reputation prior to his arrest." Compl. at ¶ 5. Second, Plaintiff claimed these injuries were caused by Defendants arresting him on August 23, 2021 without competent jurisdiction. *See* Compl. at ¶ 2. Third, Plaintiff requested relief in the form of $75,000, a remedy the court can provide. Although Plaintiff does not directly connect the relief requested to his injuries, because Plaintiff is proceeding pro se, the court will liberally construe his complaint. Thus, the court finds Plaintiff has met requirements for standing to pursue his claim.

## II. IMPROPER VENUE

Under 28 U.S.C. § 1406(a), a court must dismiss a case when venue is improper. Venue is improper when a case fails to meet one of the categories outlined in 28 U.S.C. § 1391(b). Under this section, "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, venue is clearly not proper. All Defendants besides President Biden reside in Oklahoma. Plaintiff also resides in Oklahoma, and the cause of action alleged by Plaintiff occurred in Oklahoma. Plaintiff does not allege that *any* events or omissions giving rise to the claim occurred in Utah. In fact, nearly all events or omissions alleged by Plaintiff occurred in Oklahoma. The district courts of Oklahoma are clearly a more appropriate venue in this case.

While only Federal Defendants move to dismiss for improper venue, under 28 U.S.C. § 1915(e), the court has authority "to dismiss *sua sponte* cases not merely on their merits but also based upon improper venue." *Johnson v. Christopher*, 233 Fed. Appx. 852, 853 (10th Cir. 2007) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)); *see also Kenney v. Millennium Rail, Inc.*, 224 Fed. Appx. 792 (10th Cir. 2007). Dismissal on the grounds of improper venue "is appropriate where 'the defense is obvious from the facts of the complaint and no further factual record is required to be developed,' and 'only if it is clear that the plaintiff can allege no set of facts to support . . . venue.'" *Id.* (quoting *Trujillo*, 465 F.3d at 1217). Here, it is

5

obvious from the facts alleged in Plaintiff's complaint that Utah is an improper venue. Accordingly, the court dismisses Plaintiff's action without prejudice for improper venue.

## CONCLUSION

For the above-stated reasons, the court **ADOPTS IN PART** the Report and Recommendation, ECF No. 40. The court **AFFIRMS** Plaintiff's objection to the extent he argues that he has standing, ECF No. 41. The court **DENIES** Plaintiff's motion to add a new defendant to his complaint, ECF No. 19. The court *sua sponte* dismisses the entire complaint for improper venue. Therefore, Defendants' motions to dismiss, ECF Nos. 26, 29, 34, 35, are **DENIED** as moot. Dismissal is without prejudice.

DATED September 23, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge